Shaw C. J.
drew up the opinion of the Court. The only fluest¡on which the Court have thought it necessary to consider in the present case, is, whether the defendant had a lien upon these goods, and a right to retain the possession of them ; and the Court are of opinion that he had. A lien is a right to the custody of the property of another, with a right to hold and retain the same against the general owner, as indemnity, or for security of some debt or obligation. Wilson v. Balfour, 2 Campb. 579. Possession is essential to the creation and continuance of a lien, by the party claiming it, or some other person for his use, or as his agent. Here, so long as the claim of the defendant stood upon the executory agreement of Stanley & Co., it did not amount to a lien. But it is proved that by the agreement of that house, Guild was authorized to select and set apart, and to hold and retain forty-five pieces of unfinished cloth, for the use of the defendant, that in pursuance of this agreement, and upon the requisition of the defendant before the attachment, Guild executed this authority, and selected the particular forty-five pieces, for which this action is brought, gave notice thereof to one of the house and to his own attendants, and soon after the attach- *83 merit, to one of the attaching creditors. We are of opinion, mat the selecting and setting apart of these pieces by Guild, in pursuance of an authority previously given him by the proprietors, before the claim of any other person intervened, constituted a lien thereon, for the indemnity and security of the defendant, to the same effect as if the same selection and appropriation had been made by the proprietors themselves.
We are also of opinion, that the lien thus created was maintained by the possession of Guild. Whatever was the nature of his general relation to the proprietors of the manufactory, in this particular transaction he was constituted the special agent of the defendant, for the purpose of keeping possession for him, although in other respects the servant of Stanley & Co. ; and pursuant to the power thus given him, he was both authorized and bound to retain the goods against the original proprietors, for the use of the defendant. To constitute such special possession, it was not necessary that the goods should be removed from the premises of the former owners; it was sufficient that they were so far in the custody of the special bailee, that he could at all times have the legal control of them, and give notice of the lien to any purchaser and attaching creditor, and remove the goods if such removal should be necessary for the safety of the principal.
We think it satisfactorily appears from the facts, that Guild at no time relinquished his possession so far as to discharge the lien, after it was fixed by the selection. Removing the goods from one part of the premises, and placing them in another, would not have this effect, unless there was an intention of the agent to relinquish the possession, or the goods were actually placed beyond his custody. Here they were not. They were placed by Guild himself in the lower room of the factory, a place to which he had constant access, and were marked with the defendant’s initials, preparatory to a delivery of them to him.[1]
As to the rule of law, that where any thing remains to be done, either to finish commodities for use, or put them into a merchantable condition, or where any act remains to be done *84 to ascertain the amount and price, as measuring, weighing o* separating from a mass, we have no doubt of the correctness of the rule, but think it has no application to the present case. The rule applies to cases of constructive delivery and constructive possession ; and the rule is resorted to for the purpose of determining when the contract of sale is so far complete as to pass the property, according to the intent of the parties, in their contract. But where there is an actual sale, mortgage or pledge of unfinished goods, so intended and so carried into effect by an actual delivery, there can be no doubt, that such a contract is valid in law, and passes the property. And if the property vests by the contract, it is no objection, that other materials and labor of the vendor are added, as these pass with the principal by accession. Glover v. Austin, 6 Pick. 209.[1]
As there was a sufficient contract of pledge, an actual selection and constructive delivery in pursuance of that contract, by a delivery to an agent for the defendant, and that possession retained up to the time of the attachment, we are of opinion that the defendant had a lien on the goods, which the plaintiff could not defeat by the attachment, and therefore there must be

Judgment for the defendant.

 See Macomber v. Parker, 14 Pick. 509; Jones v. Baldwin post, 320.

 See Baker v. Fuller, 21 Pick. 321